**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**ROSALIE GARCIA,**
        **Petitioner,**

v.                                           **Civil Action No.: 3:17-CV-112
                                                         (GROH)**

**STEVEN KALLIS, Warden,**
        **Respondent.**

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

On September 7, 2017, the *pro se* Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1[1]. Petitioner is a federal inmate housed at Hazelton Secure Female Facility who is challenging the validity of her conviction and sentence imposed in the United States District Court for the Southern District of New York. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

---

[1] All CM/ECF references are to the instant case, 3:17-CV-112, unless otherwise noted.

1

## II.    FACTS[2]

### A.    Petitioner's Conviction and Sentencing

On November 29, 2001, a thirteen count indictment was returned against Petitioner[3] in the Southern District of New York, in case number 1:01-CR-1110, charging Petitioner with crimes in connection with a drug trafficking scheme. ECF No. 1. A superseding indictment was filed on July 7, 2005. ECF No. 69. A twelve count[4], second superseding indictment was filed on September 27, 2005. ECF No. 74.

Petitioner's multi-week jury trial began on October 31, 2005. On December 6, 2005, a jury found Petitioner guilty of Counts 1, 2, 3, 4, 6, 7, 8, 10, 11, and 12 of the second superseding indictment. ECF No. 98. In the judgment in a criminal case filed on June 12, 2006, Counts 5 and 9 of the second superseding indictment were dismissed on the motion of the United States. Id. Petitioner was sentenced to: a life term on counts 1, 2, 4, 6, 7, 8, 10 and 11, to run concurrently to one another; 120 months on count 3, to run concurrently to her life sentences; and 300 months on count 12, to run consecutively to her life sentences. Id.

On November 18, 2014, Petitioner filed a motion to appoint counsel to represent her for filing documents concerning a motion to reduce sentence pursuant to 18 U.S.C.

---

[2] All CM/ECF references in Facts sections II.A., II.B and II.C. refer to entries in the docket of Criminal Action No. 1:01-CR-1110, Southern District of New York, unless otherwise noted. The information taken from Petitioner's criminal docket in the United States District Court for the Southern District of New York is available on PACER.

[3] Petitioner was jointly charged with several co-defendants.

[4] Petitioner was charged in the second superseding indictment in the following counts: (1) racketeering, (2) racketeering conspiracy, (3) conspiracy to murder in aid of racketeering, (4) murder in aid of racketeering, (6 – 8) continued criminal enterprise, murder while drug trafficking, (10) violent crime, drugs, machine gun where death occurs (use carrying and discharging a firearm resulting in death), (11) conspiracy to distribute narcotics, and (12) violent crime, drugs, machine gun (use and carrying firearms).

§ 3582(c)(2).  ECF No. 154.  Also on November 18, 2014, Petitioner filed a form[5] which reads, "Dear Clerk: I believe that I may be eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2) and the retroactive drug guideline amendment (Amendment 782).  I respectfully request that you appoint counsel to represent me.  I was previously represented by appointed counsel."  ECF No. 156.  That same form has a space at the bottom for the Court to endorse the motion, and on June 15, 2015, the District Judge denied the motion for counsel.  Id.  On July 28, 2015, the District Court denied Petitioner's motion to reduce her sentence.  ECF No. 157.

### B.    Direct Appeal

Petitioner filed a notice of appeal from judgment on June 9, 2006, in a case which was assigned docket number 06-2879 in the United States Court of Appeals for the Second Circuit.  ECF Nos. 100, 114.  Petitioner challenged: (1) the District Court's determination that she was competent to stand trial; (2) the sufficiency of the evidence to sustain her conviction with respect to the 1994 and 1997 RICO murder-related predicate acts and the related substantive counts; (3) the District Court's failure to properly instruct the jury; and (4) the introduction of allegedly impermissible hearsay.  By order entered on May 29, 2008, the Second Circuit affirmed the Petitioner's conviction and sentence.  ECF No. 116; U.S. v. Garcia, 282 Fed. Appx. 14 (2nd Cir. 2008).  Petitioner filed a petition for a writ of certiorari in the United States Supreme Court in docket number 08-6069, which the Court denied on October 14, 2008.  Garcia v. United States, 555 U.S. 955 (2008).

---

[5] It appears that the form motion which was endorsed by the District Judge and which constitutes ECF No. 156, was the same form that was filed as ECF No. 154 prior to endorsement.  However, ECF No. 154 is not available for viewing on PACER.

**C.     Petitioner's Attempts for Post-Conviction Relief**

On November 9, 2009, Petitioner filed a *pro se* motion[6] to vacate her conviction pursuant to 28 U.S.C. § 2255. S.D.N.Y. 1:09-CV-9278, ECF No. 1. Therein, Petitioner made seven arguments: (1) that she was denied the right to present evidence that another person committed the charged offenses; (2) that she was denied "basic due process and fairness" given her "low end borderline range of intellectual functioning"; (3) that she was denied the right to present evidence that she was an involuntary drug addict; (4) that she was denied her right to cross examine other conspirators because she was jointly tried with two co-defendants; (5) that the Court's use of the federal definition and jury instruction of the *mens rea* for murder was improper because the predicate murder charges in the RICO counts were charged under state law; (6) that she was denied an evidentiary to determine the appropriate drug amounts attributable to her; and (7) in light of State v. Williams, 558 F.3d 166 (2nd Cir. 2009), that she was erroneously sentenced to a mandatory 300-month consecutive sentence on Count 12. ECF No. 124.

The Southern District of New York issued an opinion and order on December 21, 2009[7], which denied Petitioner's motion for relief on all but the seventh issue, "because the Supreme Court is considering whether to grant certiorari in a case that bears directly on [the raised] issued" and which stayed the matter as to that issue. ECF No. 124 at 1. On March 26, 2010, the District Court issued an opinion and order

---

[6] Although the Petition is listed on the docket sheet on PACER, the document is not available for viewing on PACER in either 1:01-CR-1110 or 1:09-CV-9278, ECF No. 1. Accordingly, the arguments raised by Petitioner and summarized herein are taken from the opinions and orders of the District Court which disposed of the § 2255 motion.

[7] Both the Memorandum Opinion [ECF No. 150] and Order [ECF No. 151] were signed by the District Court on May 9, 2016, but filed by the Clerk on May 10, 2016.

4

which ruled that, "[b]ecause intervening authoritative precedent compels rejection of Garcia's remaining argument, the Court now denies her petition in its entirety." ECF No. 128 at 1.

### D.     Instant § 2241 Petition

In the instant § 2241 Petitioner asserts four grounds for relief: (1) that her sentence was unreasonable and unfair [ECF No. 1 at 5]; (2) that her prior counsel failure to object to the trial court's imposition of sentence, including enhancement pursuant to the findings of the Pre-Sentence Investigation Report ("PSIR"), was ineffective [Id. at 5, 7]; (3) that there was insufficient evidence to prove that Petitioner aided and abetted with any RICO activities or any murder [Id. at 9]; and (4) that Petitioner was mentally incompetent to stand trial [Id. at 8]. Petitioner asserts that the Savings Clause of § 2255 permits her to bring the instant action under § 2241. ECF No. 7 at 2 – 3.

Petitioner filed a 12-page memorandum of law in support of her petition. ECF No. 7. Although the memorandum does not conform to the requirements of the Local Rules of Prisoner Litigation Procedure, the Court has reviewed and considered the arguments contained therein. The petition and the memorandum both attack Petitioner's sentence and conviction.

At its essence, the petition argues four grounds which are all appropriate for disposition in a direct appeal or under § 2255. First, Petitioner claims that her sentence was unreasonable or unfair, an argument more appropriately considered in a direct appeal. Petitioner did not raise that issue in her direct appeal. Second, Petitioner claims that her prior counsel was ineffective in failing to object to the imposition of

sentence, including enhancement of her sentence pursuant to the PSIR. Such a claim is more appropriately considered in a proceeding under § 2255, and was addressed in Petitioner's § 2255, where the District Court noted, "No such hearing [to determine the drug amounts attributable to Petitioner] was sought at her sentencing, undoubtedly because, in view of the mandatory life sentence applicable to one of the murder counts, the precise calculation of the base offense level for narcotics conspiracy would have had no practical effect on her sentence." ECF No. 124 at 8 – 9 (internal citations omitted). Third, Petitioner's claim that there was insufficient evidence to sustain her conviction would be more appropriately considered by direct appeal. The sufficiency of the evidence used to convict Petitioner was considered by the Second Circuit in her direct appeal, and Petitioner was denied relief on that ground. U.S. v. Garcia, 282 Fed. Appx. 14, 18 (2nd Cir. 2008). Fourth, Petitioner claims that she was mentally incompetent to stand trial. Again, such a claim is more appropriately considered by direct appeal, and was considered by the Second Circuit, which denied Petitioner relief on that ground. Id. at 17 – 18.

### III.   LEGAL STANDARD

#### A.   Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

B.  Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[8] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

---

[8] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[9] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[9] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a. The date on which the judgment of conviction becomes final;

8

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Further, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241. . . as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner must meet the savings clause of §

---

b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

9

2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added). The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

## IV. ANALYSIS

Petitioner does not seek relief under any permissible ground in her § 2241 petition. The four grounds asserted by Petitioner are as follows: (1) her sentence was improper; (2) she received ineffective assistance of counsel; (3) there was insufficient evidence to support a conviction; and (4) that she was mentally incompetent to stand trial. ECF No. 1. She seeks to have her conviction and sentence vacated. ECF Nos. 1 at 18. Her claims are unrelated to either the execution of sentence or calculation of sentence by the Bureau of Prisons. Instead her claims relate to the validity of the conviction and sentence imposed in the Southern District of New York. Such claims are properly contested either on direct appeal or in a § 2255 proceeding. Therefore, the instant petition is actually an attempt to obtain relief available under § 2255, and should be treated as such.

A prisoner "will not be allowed to recast, under the guise of collateral attack, questions fully considered by [previous] courts." Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). In regard to her second, third and fourth grounds for relief, Petitioner has already raised each of those grounds with other courts which have ruled that Petitioner's arguments are without merit. In her § 2255 petition, the District Court for the Southern District of New York determined that Petitioner's prior counsel was not ineffective. In her direct appeal, the United States Court of Appeals for the Second Circuit determined that the evidence at trial was sufficient to sustain Petitioner's conviction and that the District Court properly determined that Petitioner was competent to stand trial. Because those claims were previously fully considered by other courts, they may not be considered under the guise of collateral attack here. Accordingly, this Court will not consider Petitioner's challenges raised in grounds: (2) that her counsel was ineffective; (3) that there was insufficient evidence to support her conviction; and (4) that she was mentally incompetent to stand trial.

As to Petitioner's claim raised in ground (1), that her sentence was unreasonable and unfair, the Court notes that Petitioner failed to challenge her sentence in her direct appeal. ECF No. 116. Accordingly, it appears that she has waived that argument. However, even if considered on its merits, the petition does not afford Petitioner the relief she seeks. Although Petitioner asserts that she is entitled to relief under the Savings Clause of § 2255, it is clear that she is not entitled to its application.

The Court must review a petition which contests the sentence, under the four-part Wheeler test. As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed against Petitioner. However,

Petitioner cannot meet the second element of the Wheeler test, because any change to the settled law which established the legality of Petitioner's sentence, including the imposition of sentence, has not been deemed to apply retroactively to cases on collateral review. Because Petitioner cannot meet the second prong of the Wheeler test, this Court does not need to consider the third or fourth parts of the test.[10]

Because Petitioner cannot meet the savings clause of § 2255, Petitioner's claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the Petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's section 2241 petition be **DENIED and DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed

---

[10] Under Wheeler, it appears that in a § 2241 proceeding a prisoner may, provided she meets the four-part Wheeler test, contest the imposition of sentence, in addition to permissibly contesting the execution of sentence in regard to the BOP's collection of restitution.

ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

**DATED:** September 19, 2018

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE